**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KEITH Y. ARAKAKI, | No.   17-15885 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00229-HG-RLP |
| v. | |
| MEGAN J. BRENNAN, Postmaster General; UNITED STATES POSTAL SERVICE, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted June 10, 2019**
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Plaintiff Keith Arakaki appeals the district court's order granting summary

judgment to his employer, the United States Postal Service, on his employment

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discrimination claims brought pursuant to Title VII, 42 U.S.C. § 2000e-3.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

"We analyze Title VII claims . . . under the *McDonnell Douglas*

burden-shifting framework."  *Weil v. Citizens Telecom Servs. Co.*, 922 F.3d 993,

1002 (9th Cir. 2019) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792,

802 (1973)).  This "formula requires that plaintiffs first establish a prima facie case

of discrimination."  *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1280 (9th Cir.

2017).  "If the plaintiff succeeds in doing so, the burden shifts to the employer to

articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory

conduct."  *Id.* (internal quotation marks omitted).  Finally, "[i]f the employer

articulates such a reason, the burden shifts back to the employee to show that the

employer's stated reason is a pretext for discrimination."  *Id.* (internal quotation

marks and alterations omitted).

Viewing the undisputed record evidence in the light most favorable to

Arakaki, we agree with the district court that he failed to meet his burden on

summary judgment to establish a *prima facie* case of discriminatory retaliation in

response to protected activity.  Specifically, we conclude that Lum's handling of

---

[1]    The parties are familiar with the facts and arguments on appeal, so we recite them only as necessary.

2

the IMIP investigation, Tomooka's "absence inquiry letter," Arakaki's change in shift schedule, and his assignment to work on the Fourth of July did not constitute adverse employment actions that were "reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000).

A failure to promote can constitute an adverse employment action, *see, e.g.*, *Breiner v. Nev. Dep't of Corr.*, 610 F.3d 1202, 1207 (9th Cir. 2010), but Title VII retaliation claims require proof of but-for causation. In other words, plaintiffs advancing discriminatory retaliation theories must prove "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). Here, Arakaki fails to establish a genuine issue for trial with respect to causation. First, he provided no evidence establishing that two of the three hiring board members knew about his discrimination complaints. Second, Arakaki's only evidence supporting causation consisted of generalized hearsay statements regarding the third panel member. These statements appeared only in Arakaki's own affidavit and were not based on Arakaki's personal knowledge. Finally, it is undisputed that the panel in Arakaki's case used standardized non-discriminatory criteria to award the position. Even if Arakaki had made a *prima facie* showing of

3

retaliation, the Postal Service offered a legitimate non-retaliatory reason for hiring someone else—Arakaki's scoring on the non-discriminatory criteria was lower than that of competing applicants—and Arakaki failed to show pretext.

Arakaki presents two additional arguments that were not included in his complaint: (1) that the Postal Service failed to promptly provide him with a desk and computer upon his return to work following a ten-month absence; and (2) that he was suspended without pay for a single day when he refused to meet with his supervisor without a union representative in attendance. These allegations cannot independently form the basis of a retaliation claim because they were raised for the first time in opposition to summary judgment. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("[W]here, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court."). Arakaki argues that these events are evidence of pretext, not separate claims, but because Arakaki failed to establish a *prima facie* case of discrimination at the initial stage of the *McDonnell Douglas* analysis, we need not consider evidence of pretext.

**AFFIRMED.**

4